COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE | § | No. 08-24-00127-CR |
| | § | |
| JAVIER RIVERA FRANCO, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## <u>MEMORANDUM OPINION</u>

Relator Javier Rivera Franco, proceeding pro se, petitions this Court for writ of mandamus to compel the Honorable Judge Lela Mays of the 283rd District Court in Dallas County, Texas, to rule on or respond to his motion for judgment nunc pro tunc. We dismiss this proceeding for want of subject-matter jurisdiction.

In 2007, this Court issued an opinion on the merits in Franco's direct appeal affirming the trial court's judgment.[1] *Franco v. State*, No. 08-06-00280-CR, 2007 WL 2200468 (Tex. App.—El Paso Aug. 2, 2007, pet. ref'd) (mem. op., not designated for publication). His direct appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.

---

[1] This Court issued opinions in three companion cases, all of which were tried together in the trial court. *Franco v. State*, No. 08-06-00280-CR, 2007 WL 2200468, *1 n.1 (Tex. App.—El Paso Aug. 2, 2007, pet. ref'd) (mem. op., not designated for publication) (listing companion cases).

*See* Tex. Gov't Code Ann. § 73.001. Franco now seeks mandamus relief against Judge Lela Mays relating to the same underlying proceedings.

Franco's petition seeking a writ of mandamus is an original appellate proceeding which is distinct from his direct appeal. Tex. R. App. P. 52.1. This Court has the authority to issue writs of mandamus against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district and all writs necessary to enforce our own jurisdiction. Tex. Gov't Code Ann. § 22.221(a), (b). Dallas County is in the Fifth Court of Appeals District and is not in our appellate district. *Compare id.* § 22.201(f) (listing the counties comprising the Fifth District), *with id.* § 22.201(i) (listing the counties comprising the Eighth District). Moreover, because Relator's underlying criminal case that was before us is long since final, there is no action that we need take to enforce our own jurisdiction. *See In re Jackson*, No. 08-21-00033-CV, 2021 WL 732857, at *2 (Tex. App.—El Paso Feb. 25, 2021, orig. proceeding) (mem. op., not designated for publication) (dismissing a petition for writ of mandamus on the same grounds). Therefore, we are without the authority to issue writ and must dismiss this proceeding.[2]

JEFF ALLEY, Chief Justice

May 20, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[2] We note that Relator filed a mandamus with the Texas Court of Criminal Appeals in February 2024, that sought similar relief against Judge Mays. The Texas Court of Criminal Appeals denied the writ without written order. *In Re Franco*, WR-72,017-16 (Tex. Crim. App. March 27, 2024).